BOWLES, Administrator of the Office of Price Administration, Respondent, vs. DAVIDSON, Appellant.

*November 14—December 19, 1944.*

*A. W. Richter* of Milwaukee, for the appellant.

For the respondent there was a brief by *Thomas E. Fairchild* and *John J. Burke* of Milwaukee, attorneys, and *Alex Elson* and *Abraham H. Maller,* both of Chicago, Illinois, of counsel, and oral argument by *Mr. Burke* and *Mr. Maller.*

FOWLER, J. The plaintiff, as administrator of the office of price administration, hereinafter referred to as the "OPA," brought action in the circuit court for Milwaukee county to enjoin Maurice and Joe Davidson, who were partners conducting a tavern, from selling domestic distilled spirits at a price above that fixed by the OPA as the ceiling or highest price at which such liquors might be sold. A temporary injunction was issued restraining the defendants, pending final determination of the case, from selling such spirits at such price.

It is conceded that the Act of Congress, 50 USCA App. sec. 901 *et seq.,* authorizes the administrator to fix a ceiling price for domestic distilled spirits and that such price was fixed for such spirits by the OPA pursuant to the act. It is conceded further that in case any person sold any such spirits at a price in excess of the ceiling price fixed therefor by the OPA the act authorizes the administrator to apply to the appropriate court for a permanent injunction against sales in excess of the ceiling price and that on commencement of such a suit the court may issue a temporary injunction restraining such sales pending final determination of the suit.

Such a temporary order was issued in the instant case, and an affidavit was presented to the court charging specific sales by the defendants in violation of the injunction after its issue and service on the defendants. On this affidavit the court issued an order requiring the defendants to show cause why they should not be punished for contempt for those violations. The defendants filed answers denying the specific violations charged. Trial of the issues was had. The court on hearing found that the defendant Maurice Davidson committed one of the violations charged and imposed a fine of $100 to be paid to the state of Wisconsin for the school fund as fines "collected . . . for any breach of the penal laws" are paid. Sec. 2, art. X, Wis. Const. The other defendant was held not responsible for the violation found and the proceeding was dismissed as to him.

It is claimed by the defendant that the contempt of which defendant was found guilty was a criminal contempt. The only defense presented is that as the act was a criminal contempt it could only be punished as such, whereas the instant proceedings were prosecuted under sec. 295.01, Stats., relating to prosecution for civil contempt.

The statute relating to criminal contempt, sec. 256.03 (3), Stats., makes "wilful disobedience of any process or order lawfully issued or made" by the court a criminal contempt, and sec. 256.06 fixes as punishment therefor imprisonment in the county jail or a fine not exceeding $250. The act of the defendant thus was, as appellant claims, a criminal contempt. But the fine imposed was appropriate for imposition under the criminal-contempt statute and the fine was ordered paid to the state of Wisconsin for the school fund. Prosecutions for criminal contempt for acts not done in presence of the court are commenced as the instant prosecution was commenced by issuance of an order based upon an affidavit requiring the defendant to show cause why he "should not be punished as for contempt." Sec. 256.04 provides that in such a prosecution the person charged with the violation shall be notified of the accusation against him. But the affidavit on which the order to show cause was issued charged the defendant with making the particular sale of which he was convicted at a price $15 above the ceiling price fixed by OPA. The affidavit was served on the defendant and constituted a sufficient notification under the statute. The statute also provides that the defendant shall have a "reasonable time to make his defense." The instant order was served November 10, 1943, and trial was had January 31, 1944, so the defendant manifestly had ample time to make his defense. We are therefore of opinion that the proceedings here taken satisfy in all particulars the calls for proceedings to punish for criminal contempt.

It being conceded by the defendant that the violation of the injunction constituted a criminal contempt, and the fine

imposed being one appropriate to imposition of punishment for violation of the injunction as a criminal contempt, the case is one calling for action by this court as prescribed by sec. 274.37, Stats., which provides that "no judgment shall be reversed . . . in any action or proceeding, civil or criminal, . . . for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse . . . the judgment." The whole argument of counsel on both sides has gone to the "matter of pleading or [and] procedure," and it appears to us that if the court erred it was only as to such a matter and that the error did not affect any substantial right of the defendant.

*By the Court.*—The order of the circuit court is affirmed.